UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DOMINICK GIAMPAOLO,
               Plaintiff,

vs.                                  08-1242

JOSEPH LOFTUS, et al.,
               Defendants.

ORDER

       Before the court are the defendants' motion to dismiss [61] brought pursuant to 28 USC Section 1915(e)(2) and the plaintiff's response [69].

       The court fee for filing a Civil Complaint in the United States District Court for the Central District of Illinois is $350. On September 22, 2008, the plaintiff filed an "Application for Leave to Proceed In Forma Pauperis" [2] in which he asserted that he was unable to pre-pay such fees and costs in this proceeding or to give security because of his "poverty." As a result of his claim of poverty, the plaintiff was not required to pre-pay the filing fee. In support of his petition to avoid pre-paying the $350 filing fee, the plaintiff declared "under penalty of perjury" that, within the past 12 months, he had received no money from any source other than "gifts from family" averaging $40 a month and $20 per month from the Illinois Department of Corrections. Although the trust fund officer certified that he had a balance of $135.45 in his trust fund account, in response to the question, "do you have any money in a checking or saving account – including funds in prison account – the plaintiff answered "no." These declarations were made by the plaintiff on September 18, 2008 [2]. See also a copy of the plaintiff's trust fund account attached to defendants' motion to dismiss as Exhibit A [61].

       According to his trust fund account, in the 12 months preceding September 18, 2008, the plaintiff received a total of $945, i.e., approximately $78 per month from his sister, Deborah Leardi. The plaintiff also received $300 from Sally Fallon on July 12, 2008; a total of $200 from Sally Fallon on July 14, 2008; $500 from Sally Fallon on August 8, 2008; and $500 from Sally Fallon on September 16, 2008. In other words, in the three months preceding his Application to Proceed In Forma Pauperis, dated September 18, 2008, the plaintiff received a total of $1,500 from Sally Fallon, which he failed to mention. Although he had received money from Sally Fallon, in response to Question 2 on the ifp petition [2] which asks during the last 12 months did you receive any money from ... other sources, the plaintiff indicated that he had not. In response to the defendants' Request for Admissions, the plaintiff stated that he considered money from Sally Fallon a gift, acknowledged that she *may* have provided him $1,000 before he filed his complaint, and admitted that she *may* have also told him that she would pay the filing fee in this lawsuit. See plaintiff's responses to Requests 1 and 2 of the defendants' Request for

1

Admissions, a copy of which is attached to defendant's motion to dismiss [61] as Exhibit B.

The defendants assert that the trust fund account demonstrates, the plaintiff had more than $580 in his trust fund account on September 18, 2008, i.e., the day that he told the court that he was unable to pay the $350 filing fee. In his response, the plaintiff advised the court that he was not aware of the September 16, 2008 deposit of $500 by Sally Fallon. However, when the plaintiff became aware of this deposit, he did not revise his September 18, 2008 petition to proceed in forma pauperis to include the September 16, 2008 $500 deposit from Ms. Fallon. Further, the trust fund account records indicate that between September 18, 2008, and May 4, 2009, the plaintiff received an additional $4700 from Sally Fallon. In fact, the trust fund ledger records show that for months after making his declaration about being unable to pay the $350 filing fee, the plaintiff continuously maintained a balance of over $400 in his account. During the period January 1, 2009 through May 13, 2009, the trust fund balance ranged from $1,454.92 to as high as $2,087.

The *in forma pauperis* statute ensures that indigent persons will have equal access to the legal system. *Attwood v. Singletary*, 105 F3d 610, 612 (11th Cir. 1997). It is not taxpayer-funded financing to ensure that inmate litigants can file lawsuits, while keeping their personal funds so that they can send money to relatives and purchase cookies, chips, Little Debbie nutty bars, Little Debbie iced honey buns, and Little Debbie Apple/cherry pies. See trust fund account entries [61] dated July 17, 2008 ($60 disbursement to Philip Giampaolo), October 17, 2008 ($70 disbursement to Philip Giampaolo), November 21, 2008 ($50 disbursement to Philip Giampaolo), December 10, 2008 ($50 disbursement to Philip Giampaolo). See trust fund ledgers attached to defendants' motion to dismiss as Exhibit A [61]. See also trust fund account entries [70] dated February 10, 2009 ($55 disbursement to Philip Giampaolo), March 6, 2009 ($300 disbursement to Deborah Leardi), March 18, 2009 ($500 disbursement to Deborah Leardi), April 2, 2009 ($100 disbursement to Deborah Leardi), May 8, 2009 ($500 disbursement to Deborah Leardi). See trust fund ledgers [70]. See also the attached commissary records regarding purchases of the plaintiff, a copy attached to defendants' motion to dismiss [61] as Exhibit C.

Pursuant to 28 USC Section 1915(e)(2), the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue. This provision allows the court to "weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Attwood v. Singletary*, 105 F3d 610, 613 (11th Cir. 1997). A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal. *Attwood v. Singletary*, 105 F3d 610, 613 (11th Cir. 4 1997)(noting that the district court properly dismissed the case where the plaintiff's actions showed a history of bad faith litigiousness and deceit); *Mathis v. New York Life Ins.*, 133 F3d 546, 547 (7thCir. 1998)(complaint properly dismissed with prejudice for filing an application to proceed in forma pauperis with intentional misrepresentations as to the plaintiff's true financial status).

Here, the plaintiff admitted that Sally Fallon "may" have told him that she would pay the

filing fee for the complaint.  Based on the record before this court, the court believes she did.  The plaintiff admits that Fallon gave him $1000 prior to filing this complaint. The plaintiff failed to answer Question 2 on his petition to proceed *in forma pauperis* truthfully.  Further, the plaintiff failed to answer truthfully when asked whether he had any money in his prison account.  The plaintiff's allegation that he was unable to prepay the fees and costs of this proceeding, or to give security, because of "poverty" is simply untrue.  The taxpayers will not continue to fund his litigation.

As a result of the foregoing, the plaintiff must pay the filing fee in full before he can proceed in this case and before he can proceed as a co-plaintiff in 07-cv-3225.  The court notes that the plaintiff's instant complaint included a claim regarding a "soy diet" that the plaintiff claims was harming him.  That claim is not being considered in the instant case, but instead in 07-3225.  In that case, the plaintiff is proceeding as a co-plaintiff only as to the "soy diet" claim.  The court notes that the records indicate the plaintiff made an initial partial filing fee of $49.10 on October 28, 2008, and one cents in November 2008 and two cents in 2009.  Therefore the unpaid balance for his lawsuit is $300.87.

It is therefore ordered:

1. Based on the foregoing, the plaintiff is ordered to pay the balance, $300.87, of the filing fee within fourteen days of this order.  If he fails to do so, the instant lawsuit will be dismissed and he will also be terminated as a co-plaintiff in 07-cv-3225.
2. The clerk of the court is directed to file a copy of this order in 07-cv-3225, forthwith.

Enter this 15th  day of June 2009.


**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge