UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Larry Harris, et al.,
    Plaintiff,

v.                              07-3225

Dr. Lowell Brown, et al.,
    Defendants.

MEMORANDUM OPINION AND ORDER

    Before the court are the defendants summary judgment motion [269], filed January 27, 2010, [297] filed July 11, 2010, the plaintiff's responses [299], filed July 26,2010 and [300] filed August 13, 2010, respectively, and the defendants' replies [304], filed August 30, 2010, and [306], filed September 13, 2010. In their summary judgment motions, defendants move for partial summary judgment against some of the co-plaintiffs and full summary judgment against others. The court will address each co-plaintiff in separate orders. The court will address Defendants motion for summary judgment based on failure to exhaust administrative remedies as to co-plaintiff Carl Moss in this order.

Standard

    Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

    "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(c). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material

1

facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 390 (7th Cir. 1999). Failure by the non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659. It is also well settled that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. Keri v. Barod of Trustees of Purdue University, 458 F.3d 620, 628 (7th Cir.2006)(*citing Haywood v. N. Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir.1997).

Discussion

In his response [336] to court's April 13, 2011 text order, Carl Moss has clarified to the court that he has an Eighth Amendment claim and a Fourteenth Amendment claim against the Director of the Illinois Department of Corrections ("IDOC"), Michael Randle acting in his official capacity, and the Director of the Department of Central Management Services ("CMS"), James Sledge acting in his official capacity. In addition to these two claims, Moss has a Section 1983 claim for cruel and unusual punishment under the Eighth Amendment and a Section 1983 claim for cruel and unusual punishment under the Fourteenth Amendment against the following individuals acting under color of law:

a. All IDOC Medical Directors from 2005 to the present the identity of which at this time remain unknown;
b. All IDOC Food Services Administrators from 2005 to the present which at this time based on information and belief include at least Defendant Griswold;
c. Administrative Review Board members Jackie Miller and Ford;
d. each Chief Administrative Officer at each of the correctional facilities in which Moss has been incarcerated from 2005 to the present, which at this time based on information and belief include at least Defendants Gaetz and Anglin;

Carl Moss has also clarified that he has two separate Section 1983 claims for cruel and unusual punishment under the Eighth an Fourteenth Amendments against Defendants, Drs. Ameji, Feinerman, Larson and Wexford and if his motion for leave to file a Second Amended Complaint

2

is granted, a state negligence claim against these same defendants. The court notes that there is no pending Motion for Leave to File a Second Amended Complaint.

Moss has been incarcerated at Menard, Graham, Danville, Pontiac and Lawrence Correctional Centers. *See* Amended Complaint [201]. The court is puzzled as to why Moss is suing all IDOC Medical Directors and all IDOC Food Services Administrators from 2005 to the present when he has only been incarcerated in five prisons out of the more than 30 prisons in Illinois. Furthermore, there is a two year statute of limitation in Illinois. Carl Moss joined this lawsuit on June 1, 2009, so it appears that some of his claims might be barred. *See* 735 ILCS 5/13-202; s*ee Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998). However, the Defendants have not raised the statute of limitations in their summary judgment.

Moss joined this lawsuit on June 1, 2009. In his May 7, 2009 grievance, Carl Moss complains that the Lawrence Health Care Unit pharmacy had not provided a prescribed medication, Metamucil. Lawrence is located in the Central District of Illinois. Moss said the medication was necessary to promote normal bowel function in a diet so deficient in fresh fruits and vegetables and so full of soy and soy-by-products. He claims Dr. Mahone, not named as a defendant by Moss, knew this when she prescribed Metamucil. Moss claims he did not receive a response to this grievance. Even if he did submit this grievance, he did not do so in ample time to complete the grievance procedure prior to joining this lawsuit on June 1, 2009. According to DOC policy, the grievance process begins with an informal attempt for an inmate to resolve issues with his counselor. If the issue remains unresolved, the inmate may submit a grievance to a Grievance Officer, who is to consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer. Ill. Admin. Code tit. 20, § 504.830(d). "A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." §504.810(a). The Chief Administrative Officer shall make a determination and "advise the offender of the decision in writing within two months after receipt of the written grievance, where reasonably feasible under the circumstances." § 504.830(d). Here, the plaintiff filed his lawsuit premature. He waited only 25 days, rather than the 60 days allowed, but wants to assert that he did not receive a response to his May 7, 2009 grievance. No, he cannot do that. Further, Moss submitted three additional soy-related grievances, dated February 11, 2010, February 20, 2010, and April 4, 2010, but he never received any responses to these grievances. The February 20, 2010 and April 4, 2010 grievances make reference to the Lawrence dietary staff/department. See Exhibit O; Exhibit P; Exhibit Q; Exhibit M at [299]. None of these grievances were filed prior to Moss joining this lawsuit and therefore cannot be considered. Carl Moss also submitted an affidavit, dated February 4, 2008, attached as Exhibit L to the co-plaintiff's memorandum of law [299] wherein he merely states he has attempted to resolve this issue [related to soy consumption], but has not been successful. He does not explain what he did and he does not provide any dates that he filed a grievance, where he was incarcerated when he filed the grievance or who he named in the grievance, or specifically what he grieved about. This affidavit is insufficient to overcome the defendants' assertion that the plaintiff, Moss has not exhausted administrative remedies against any defendant. The court finds that Carl Moss has failed to exhausted administrative remedies prior to filing his complaint. Therefore, pursuant to 42 U. S. C.

3

Section 1997e(a), his claims for conduct that took place in the Central District of Illinois are dismissed for failure to exhaust administrative remedies.

The court notes that plaintiff has brought claims against defendants for conduct that took place in other districts. If the plaintiff wishes to pursue his claims for conduct that took place in another district, he may do so. The court notes, however, there is nothing in the record to show that he exhausted administrative remedies for conduct that took place in other districts. Nevertheless, the court will dismiss those claims, without prejudice to refile in the appropriate district.

It is therefore ordered:

1. Pursuant to 42 U.S. C. Section 1997e(a), Carl Moss's claims are dismissed for failure to exhaust administrative remedies prior to joining this lawsuit. Further, the clerk of the court is directed to terminate Carl Moss as a co-plaintiff in this lawsuit, forthwith. Pursuant to 42 U. S. C. Section 1997e(a), Moss's claims for conduct that took place in the Central District of Illinois against the Director of IDOC, Director CMS, IDOC Medical Director, Griswold, Jackie Miller, Ford, Anglin, Mary Miller, Wexford, Ameji and John or Jane Does are dismissed.
2. Claims that could have been brought against defendants, Gaetz. Malley, Larson and Feinerman and any John or Jane Does for conduct that took place in another district, are dismissed, without prejudice, to refiling in the appropriate district.
3. Although his claims are dismissed and he is terminated as a co-plaintiff, he is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
4. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.
5. The writ for Carl Moss's appearance at the April 29, 2011 hearing is recalled. The clerk of the court is directed to notify Moss's place of incarceration.

Enter this 28th day of April 2011.

**\s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge