UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY G. HARRIS,

    Plaintiff,

                      07-3225

MARTHA FLUCKIE et al.,

    Defendants.

## CASE MANAGEMENT ORDER

    This case has dragged to a standstill, which is attributable to the court as much as to the parties.  There are two motions for summary judgment by the defendants [269] and [297] that have been  pending since the fall of last year.  The thrust of the motions is that the plaintiffs had failed to exhaust their administrative remedies before filing suit.  To marshal the information necessary to rule on the motions, the court scheduled a *Pavey* hearing for April 9, 2011.  At the hearing the defendants and the plaintiffs respectively presented evidence concerning the failure to exhaust and concerning exhaustion or the frustrated efforts o exhaust.  The court found the sum of the evidence inadequate and scheduled a second *Pavey* hearing for August 2, 2011.  At the second hearing the parties again adduced evidence that they thought supported their positions.

    The failure to exhaust administrative remedies is an affirmative defense and the defendants bear the burden of proof on that subject.  "Lack of exhaustion . . . is an affirmative defense that a defendant has the burden of proving. . . (citations omitted) . . . .  And where the record establishes disputed issues of fact on the question, that burden has not been met."  *Pavey v. Conley*, 2006 WL 509447 (7th Cir. 2006), *citing Curtis v. Timberlake*, 2005 WL 3728794, at *2 (7th Cir. Jan.27, 2006).  "We have held that inmates may rely on the assurances of prison officials when they are led to believe that satisfactory steps have been taken to exhaust administrative remedies."  Id., *citing Curtis*.

    The court finds that the defense claims of failure to exhaust are not more probably true than not true and the claimed defense therefore fails.  The plaintiffs' testimony concerning frustration of their efforts to process a grievance concerning the soy diets is not incredible and leaves the court with at best an evenly balanced presentation.  Consequently the court finds that the balance of probabilities does not fall in the defendants; favor.

    There is  one exception to that finding.  The plaintiff, Kendrick Adams,  testified on cross-examination by the Illinois Assistant Attorney General that Adams had failed to follow the procedures for exhaustion.  See transcript of hearing on August 2, 2011, pp. 74-75 [359].  The court will allow the defense motions as to that plaintiff.  His case will be dismissed without prejudice until that plaintiff has exhausted his administrative remedies.

    Those rulings only take care of one immediate problem in the case.  Others remain:

     A.  Some of the plaintiffs allege occurrences that took place in the Northern and Southern Districts of Illinois.  A question pf proper venue arises.  The plaintiffs' counsel has argued that the occurrences complained of are continuing torts and so the question of venue needs to be resolved.

     B.  Most importantly, the basic issue in the case is going to be the existence of a scientifically recognized serious medical need that has been ignored.  So far there is nothing before the court to show that any plaintiff has a soy allergy, diagnosed by a physician, that is sufficiently serious to constitute  a serious medical need.  (One of the plaintiffs is receiving a soy free diet.  But there is no explanation of who ordered it, or on what basis.)  It is apparent to the court that to constitute an Eight Amendment violation there will have to be medical testimony of a serious condition that requires treatment and specifying what that treatment should be.  Consider the approach to the treatment of Hepatitis C patients by the IDOC medical personnel in *Roe v. Elyea,* 631 F.3d 843 (7th Cir. 2011) *passim.*.

     Proper defendants in this case will have to be persons who are in a position to diagnose or to order the diagnosis of the existence of a soy product allergy condition that is of a serious medical need.  In addition the people who make the diagnosis will have to be people who are properly trained and capable of making such a diagnosis.  Cooks, corrections personnel and other non-medical professionals are not in a position to make the judgments required of the medically trained personnel.  The former would not be proper defendants; with the obvious exception of deliberately withholding a diet that had been prescribed by a qualified,  trained person.

IT IS THEREFORE ORDERED THAT:

1. The motions at [269] and [297] are denied with the exception that they are granted as to the plaintiff , Kendrick Adams,   His case is dismissed without prejudice subject to his exhaustion of administrative remedies.  The clerk of the court is directed to terminate Kendrick Adams as a plaintiff, forthwith.

2. The case is set for further proceedings under Fed.R.Civ.P. 16 **by personal appearance** before the court on   November 7,  2011, at 1:30 p.m. in Court Room B, United States Court House, Urbana ,, Illinois.  The parties must be prepared to discuss the most effective and expeditious ways to reach the dispositive questions discussed in this case management order.

Enter this 9th day of September, 2011.

                                               /s/ Harold A. Baker
                                          _____
                                               Harold A.. Baker
                                          United States District Judge